IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 1:19CR310 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| v. | ) | |
| | ) | |
| JOSEPH B. GRIFFITHS, | ) | GOVERNMENT'S SENTENCING |
| | ) | MEMORANDUM |
| Defendant. | ) | |

Now comes the United States of America, by and through its attorneys, Justin E. Herdman, United States Attorney, and Scott Zarzycki, Assistant United States Attorney, and hereby files this sentencing memorandum. The Government agrees with the calculations contained within the Presentence Investigation Report filed November 26, 2019 (R. 14: PSR, PageID 67), and recommends a sentence within the guideline range specified in paragraph 114 of the report.

**I.      OFFENSE CONDUCT AND GUIDELINE CALCULATION**

   A.     Offense Conduct

On April 11, 2019, at approximately 11:30 a.m., Joseph B. Griffiths attempted to rob the Huntington Bank, located at 4200 Oberlin Avenue in Lorain, Ohio. Griffiths entered the bank and handed a demand note to the teller. The teller couldn't read it, so she gave it to her manager who then asked "is this a robbery?" Griffiths fled from the bank. The note stated: "Robbery I need 400 dollars to pay a ransom." He was wearing black jeans and a red OSU jacket.

Officers who have dealt with Griffiths in the past canvassed the area and located him walking down the sidewalk about a quarter mile away from the bank. He was out of breath, and wearing black jeans that fit the description, but not the red OSU jacket. The victim teller was escorted to the area where he was detained and positively identified Griffiths as the suspect.

Surveillance video from a gas station across the street from the bank showed the suspect in the described OSU jacket run n/b from the bank just before time of robbery alarm in the direction of Family Dollar. Family Dollar surveillance showed the suspect enter the store wearing an OSU jacket and exit less than 1 minute later with the jacket folded inside out in his hands.  The OSU jacket was recovered in the garbage can at Family Dollar lying on top the rest of the garbage.

B.     Guideline Calculation

Joseph B. Griffiths was indicted on May 22, 2019, for one count of Bank Robbery, in violation of 18 U.S.C. § 2113 (a) and (f).  (R. 1, Indictment: PageID 1).  The Defendant plead guilty on August 6, 2019 (R. 14: PSR, PageID 65).  The following is the relevant guideline calculations as correctly stated in the presentence report (Id. at PageID 66-67).

| U.S.S.G. § 2B3.1: Bank Robbery (Count 1) | | |
|---|---|---|
| Base offense level | 20 | §2B3.1 |
| Specific offense characteristic (financial institution) | 2 | §2B3.1(b)(1) |
| **Subtotal** | **22** | |

**Career Offender Enhancement**     **32**[1] (USSG 4B1.1(b)(3))

Career Offender designation results in an automatic Criminal History category VI.

At offense level 32, and criminal history category VI, the advisory range is 210-262 months.  After acceptance of responsibility his offense level would be 29, and his advisory guideline range is 151-188 months.

II.    **SENTENCING FACTORS 18 U.S.C. § 3553(A)**

Upon properly calculating the advisory guideline range, this Court is required to follow 18 U.S.C. § 3553(a), which states:

---

[1] Griffiths faces maximum term of 20 years in prison.  Under USSG 4B1.1(b)(3), if offense statutory maximum is 20 years or more, but less than 25, the Offense level is 32.

> This Court is required to consider the following factors in determining the sentence.
>
> (a) Factors to be considered in imposing a sentence.--The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider--
>
> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed--
>
> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
> (B) to afford adequate deterrence to criminal conduct;
>
> (C) to protect the public from further crimes of the defendant; and
>
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> (3) the kinds of sentences available;
>
> (4) the kinds of sentence and the sentencing range established for--
>
> (5) any pertinent policy statement--
>
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
>
> (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

The Government requests that the court impose a sentence within the range and of the kind specified pursuant to the advisory Sentencing Guidelines. In considering the factors in 18 U.S.C. § 3553(a), the Government asks this Court consider the nature and circumstances of the offense, history, and characteristics of the defendant, primarily his lengthy criminal history and the need to protect the public.

The facts of this case show the defendant attempted to rob the Huntington Bank during working hours by passing a note to the bank tellers indicating it was a robbery. Although this was ultimately unsuccessful, the defendant committed similar robberies on three separate occasions in the past.

The defendant has a criminal history dating back 20 years starting when he was a juvenile. He committed burglary, making false alarms, and petty theft as juvenile. As an adult he has had countless convictions for both misdemeanor and felony theft, criminal trespass, falsification, and disorderly conduct.

In the defendant's entire criminal history, most notable are his convictions for more violent offenses which begin to occur in 2006. In that year alone he was convicted of Arson in Elyria municipal court and for setting a fire in a laundry room of an apartment building. He was convicted of attempted robbery in Florida for entering the lobby of a Greyhound bus station and writing a note that stated "I got a gun give me the money now." And he was convicted of menacing by stalking for repeatedly sending threatening letters and making threatening phone calls to the victim over a three months period. He continued in 2007 with multiple convictions for menacing by stalking and intimidation of a crime victim or witness involving the same victim as the year prior. He was sent to prison for two years.

In 2010 his criminal activity picked up again with a conviction for trespass. The following year he was convicted of robbery for handing a note to tellers demanding $250 so he wouldn't have to "hurt anyone." He was sentenced to prison for 4 years.

After being released from prison in 2015, he was convicted of committing another robbery and sent to prison for 3 more years. While in prison he was repeatedly disciplined for erratic and violent behavior including trying to urinate on corrections officers, throwing objects out of his cell, nearly pushing an officer down the stairs, and spitting on employees and medical

4

staff and hitting them.  He also struck and threw hot water on another inmate.  Finally, while in prison he was convicted of retaliation for sending letters once again to the same victim from 2006-2007.

Upon his release from prison, Griffiths was convicted of three more misdemeanor theft and criminal trespass convictions before picking up the instant case.  This case is the defendant's fourth robbery offense using a note in order to obtain money.

The Government recognizes that the defendant has significant mental health issues that need to be treated and addressed during his time in custody.  However, his criminal history and the danger he possess to the public suggest that his criminal history score is not overrepresented, and a sentence within guideline range is appropriate.

### III.     CONCLUSION

Based on the lengthy criminal history and the nature and circumstances of the offense, the Government respectfully requests this Court sentence Joseph Griffiths within the advisory guideline range.

                                        Respectfully submitted,

                                        JUSTIN E. HERDMAN
                                        United States Attorney

By:   /s/ Scott Zarzycki
        Scott Zarzycki (OH: 0072609)
        Assistant United States Attorneys
        United States Court House
        801 West Superior Avenue, Suite 400
        Cleveland, OH 44113
        (216) 622-3971/3709
        (216) 522-8355 (facsimile)
        Scott.Zarzycki@usdoj.gov
        Margaret.Kane@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of December, 2019, a copy of the foregoing document was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's system.

/s/ Scott Zarzycki
Scott Zarzycki
Assistant U.S. Attorney